NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER MARIE JONES, | No. 15-16261 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02170-DJH |
| v. | |
| TOWN OF QUARTZSITE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted January 18, 2017**

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Jennifer Marie Jones appeals pro se from the district court's judgment in her

42 U.S.C. § 1983 action alleging federal and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant

of judgment on the pleadings, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

637 F.3d 1047, 1053 (9th Cir. 2011), and for an abuse of discretion the district court's denial of leave to amend, *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000). We affirm.

The district court properly granted judgment on the pleadings because Jones failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)). We reject as unsupported by the record Jones' contention that the district court erred by failing to construe her complaint liberally.

The district court did not abuse its discretion by dismissing Jones' complaint without leave to amend because further amendment would have been futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend pleadings not required where "amendment would be an exercise in futility," or "where the amended complaint would also be subject to dismissal[]").

2                                                                                           15-16261

The district court did not abuse its discretion by denying Jones' motion to amend the judgment under Federal Rule of Civil Procedure 59(e) because Jones did not establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Rule 59(e)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-16261